IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELISSA WOOD o/b/o P.D.M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv720-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Melissa Wood o/b/o P.D.M.[1] brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her child's application for Supplemental Security Income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon its review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

**BACKGROUND**

On January 3, 2005, plaintiff filed an application for Supplemental Security Income (SSI), alleging disability since August 15, 2004 on the basis of attention deficit hyperactivity disorder (ADHD). On October 23, 2006, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a

---

[1] P.D.M. will be referred to as the "plaintiff" in this memorandum of opinion.

decision on December 7, 2006, in which he found that plaintiff was not under a disability as defined in the Social Security Act at any time through the date of the decision. On June 7, 2007, the Appeals Council denied plaintiff's request for review.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Factual findings that are supported by substantial evidence must be upheld by the court. See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)("Even if the evidence preponderates against the [Commissioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence."). The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

**DISCUSSION**

"Federal regulations set forth the process by which the SSA determines if a child is disabled and thereby eligible for disability benefits." Shinn ex rel. Shinn v. Commissioner of Social Sec., 391 F.3d 1276, 1278 (11th Cir. 2004) (citing 42 U.S.C. § 1382c(a)(3)(C)(I) and 20 C.F.R. § 416.906). "The process begins with the ALJ determining whether the child is 'doing substantial gainful activity,' in which case [he] is considered 'not disabled' and is ineligible for benefits." Id. (citing 20 C.F.R. §§ 416.924(a), (b)). In this case, the ALJ determined that plaintiff has not engaged in substantial gainful activity. R. 20.

"The next step is for the ALJ to consider the child's 'physical or mental impairment(s)' to determine if [he] has 'an impairment or combination of impairments that is severe.'" Id. (citing 42 U.S.C. §§ 416.924(a), (c)). The ALJ found that plaintiff has the severe impairment of attention deficit hyperactivity disorder. R. 20.

"For an applicant with a severe impairment, the ALJ next assesses whether the impairment 'causes marked and severe functional limitations' for the child." Shinn, 391 F.3d at 1278 (citing 20 C.F.R. §§ 416.911(b), 416.924(d).) This determination is made according to objective criteria set forth in the Code of Federal Regulations (C.F.R.). As the Eleventh Circuit has explained,

> [t]he C.F.R. contains a Listing of Impairments ["the Listings", found at 20 C.F.R. § 404 app.] specifying almost every sort of medical problem ("impairment") from which a person can suffer, sorted into general categories. See id. § 416.925(a). For each impairment, the Listings discuss various limitations on a person's abilities that impairment may impose. Limitations appearing in these listings are considered "marked and severe." Id. ("The Listing of Impairments describes ... impairments for a child that cause[ ]

> marked and severe functional limitations.").
>    A child's impairment is recognized as causing "marked and severe functional limitations" if those limitations "meet[ ], medically equal[ ], or functionally equal[ ] the [L]istings." Id. § 416.911(b)(1); see also §§ 416.902, 416.924(a). A child's limitations "meet" the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment. A child's limitations "medically equal" the limitations in the Listings if the child's limitations "are at least of equal medical significance to those of a listed impairment." Id. § 416.926(a)(2).

Id. at 1278-79. In this case, the ALJ determined that plaintiff did not have any impairment or combination of impairments that met or medically equaled a listed impairment. R. 20.

"Finally, even if the limitations resulting from a child's particular impairment are not comparable to those specified in the Listings, the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings. In making this determination, the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities. The C.F.R. specifies six major domains of life:

> (i) Acquiring and using information;
>
> (ii) Attending and completing tasks;
>
> (iii) Interacting and relating with others;
>
> (iv) Moving about and manipulating objects;
>
> (v) Caring for [one]self; and
>
> (vi) Health and physical well-being."

Shinn, 391 F.3d at 1279 (citing 20 C.F.R. § 416.926a(b)(1)). "The C.F.R. contains various 'benchmarks' that children should have achieved by certain ages in each of these life domains." Id. (citing 20 C.F.R. §§ 416.926a(g)-(l)). "A child's impairment is 'of listing-level

4

severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked' limitations in two of the domains [above], or an 'extreme' limitation in one domain." Id. (citing 20 C.F.R. § 416.926a(d) and § 416.925(a)).[2] The ALJ determined that P.D.M. has a "less than marked limitation" in: (1) attending and completing tasks; and (2) interacting and relating with others; and no limitations in the remaining four of the domains listed above. (R. 21-25). Thus, the ALJ concluded that the plaintiff is not disabled. (R. 26).

Plaintiff argues that the ALJ erred by: (1) evaluating his limitations as though he were a preschooler, rather than by reference to age-appropriate considerations; and (2) failing to consider all of the academic evidence in determining plaintiff's limitations in the domain of acquiring and using information and, instead, referencing only positive academic factors.

In evaluating the plaintiff's functioning, the ALJ was required to "look at how appropriately, effectively, and independently [he] perform[s] [his] activities compared to the performance of other children [his] age who do not have impairments." 20 C.F.R. § 416.926a(b). The Commissioner's regulation provides "examples of activities that illustrate the typical functioning of children in different age groups[,]" and "examples of limitations within the domains." Id. The regulation further indicates that "there is a range

---

[2] " A 'marked' limitation is defined as a limitation that 'interferes seriously with [the] ability to independently initiate, sustain, or complete activities,' and is 'more than moderate.'" Henry v. Barnhart, 156 Fed.Appx. 171, 174 (11th Cir. 2005) (unpublished) (citing 20 C.F.R § 416.926a(e)(2)(I)). "An 'extreme' limitation is reserved for the 'worst limitations' and is defined as a limitation that 'interferes very seriously with [the] ability to independently initiate, sustain, or complete activities,' but 'does not necessarily mean a total lack or loss of ability to function.'" Id. (citing 20 C.F.R. § 416.926a(e)(3)(I)).

5

of development and functioning, and . . . not all children within an age category are expected to be able to do all of the activities in the examples of typical functioning" and, further, that "limitations of any of the activities in the examples do not necessarily mean that a child has a 'marked' or 'extreme' limitation." Id.

In his decision, the ALJ referred to the regulatory text setting forth examples of typical functioning in preschoolers ("age 3 to attainment of age 6") in various domains. He did not reference the corresponding text setting forth examples of typical activities of non-impaired school-aged children ("age 6 to attainment of age 12"), even though plaintiff reached school age during these proceedings. However, the court is persuaded that the ALJ properly evaluated plaintiff's ability to function in an age-appropriate manner. The examples of limited functioning included in the regulation and in the ALJ's decision are not segregated by age group. (R. 22-25; see 20 C.F.R. § 926a). It is evident from the ALJ's decision that he was aware that the plaintiff became a school-aged child during the pendency of the application. (R. 20)("The claimant was born on January 31, 1999. Therefore, he was a preschooler on January 3, 2005, the date the application was filed, and is currently in first grade[.]"). Further, it is abundantly clear from the ALJ's references to plaintiff's behavior and progress in school, his ability to complete homework, his grades and his below grade-level performance that the ALJ considered plaintiff's functioning in the school environment in assessing plaintiff's limitations. (See R. 20-23). Additionally, on April 12, 2005 – when plaintiff was six years old and in kindergarten – plaintiff's treating psychiatrist concluded that plaintiff was "mildly impaired in his ability to function in an age-appropriate manner

cognitively, communicatively, socially, adaptively, behaviorally, and in concentration, persistence and pace." (R. 82). The ALJ repeatedly referenced Dr. DeMuth's conclusion. (R. 21-24). Thus, while the ALJ neglected to recite the regulatory examples of behavior in non-impaired school-aged children, he did evaluate plaintiff's ability to function in an age-appropriate manner. Plaintiff's argument to the contrary is without merit.

Plaintiff also contends that the ALJ failed to consider all of the academic evidence in determining plaintiff's limitations in the domain of acquiring and using information. Specifically, he argues that "[i]n making his assessment of no limitation, the ALJ failed to discuss or consider the weight of the claimant's overall academic record, including that he was repeating the first grade at the time of the hearing . . . or that [he] had other poorer grades indicated on the claimant's report card, including a D in spelling." (Plaintiff's brief, p. 2). In the section of the decision in which he finds that plaintiff has "no limitation in acquiring and using information[,]" the ALJ states, "[a]s discussed above, Dr. DeMuth noted that the claimant was able to count to ten orally, recite the alphabet and identify primary colors. Also, his report card indicated that he had earned an 'A' in Math." (R. 22). This section of the decision includes no discussion of other evidence bearing on the issue of plaintiff's limitations in this domain. However, as plaintiff acknowledges, the ALJ did – in an earlier summary of the evidence – discuss the evidence of plaintiff's academic performance. (R. 20-21). The fact that the ALJ failed to summarize this evidence again does not indicate that he failed to consider it in reaching his conclusion.

Additionally, plaintiff does not contest the ALJ's conclusions of "less than marked"

7

or "no" limitations in the remaining domains, and the court concludes that the ALJ's determinations as to those domains is supported by substantial evidence.  Thus, as the Commissioner argues, plaintiff must establish an "extreme" limitation in the domain of acquiring and using information to establish disability on the basis of functional equivalence.[3]  20 C.F.R. § 926a(a).   There is no evidence of record to support a finding of an "extreme" limitation in this domain.   Therefore, even if the ALJ erred in concluding that plaintiff suffers no limitation in this domain, the error is harmless.

## CONCLUSION

Upon review of the record as a whole, the court concludes that the decision of the Commissioner is due to be AFFIRMED.  A separate judgment will follow.

DONE, this 14th day of October, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff does not contend that he meets or medically equals a Listing.